37 F.3d 1501
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony ALEXANDER, Defendant-Appellant.
 No. 93-3465.
 United States Court of Appeals, Seventh Circuit.
 Argued Sept. 12, 1994.
Decided Oct. 7, 1994.
 
 Before LAY,* EASTERBROOK, and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Anthony Alexander was convicted of possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1). On appeal he urges the district court erroneously admitted certain telephone records that he claims violated his attorney-client privilege and denied him effective assistance of counsel. We affirm the judgment of the district court.
 
 I.
 BACKGROUND
 
 2
 On September 16, 1992, Drug Enforcement Administration (DEA) agents detained two men they suspected of smuggling narcotics at the Midway Airport in Chicago. One of these men produced a driver's license identifying him as Anthony Alexander. The agents briefly interviewed Alexander and his companion and seized a piece of luggage in Alexander's possession. One of the DEA agents gave Alexander his business card with the telephone numbers of the DEA and the agent's personal pager number. The men were then permitted to leave the airport. After a narcotics canine reacted to the luggage, the agents obtained a warrant to search it and discovered a package of cocaine.
 
 
 3
 The agents procured an arrest warrant for Alexander, and on October 6, 1992, Alexander was arrested in an automobile owned by his mother. In that automobile, police discovered a mobile cellular phone. This phone was not registered to Alexander, but telephone records indicated that calls had been placed from this telephone to Alexander's attorney moments after Alexander was released by DEA agents at the airport on September 16. In addition, the records indicated that calls were placed from the cellular phone to various DEA telephone numbers, including the pager number of the agent who had detained Alexander at the airport, on that same day.
 
 
 4
 In the district court Alexander argued he was not the individual the DEA agents detained at the airport and that somebody else had used his driver's license. To link Alexander to the airport on September 16, the government filed a motion in limine to admit the telephone records of the calls to Alexander's attorney. The government intended to use this evidence to show that Alexander, who was in possession of the cellular phone at his arrest, was also the individual detained at the airport.
 
 
 5
 The court initially denied the government's motion on the grounds that its prejudicial effect substantially outweighed its probative value. When a new judge was assigned to the case, however, the government filed a motion to reconsider that ruling. The newly assigned judge indicated to the parties during a status hearing that if they did not hear from him within two weeks, they should assume he would not admit the evidence. Nevertheless, six weeks later, on the first day of Alexander's trial, the court decided to grant the government's motion to reconsider and admit the evidence. All reference to the name of his attorney was deleted from the telephone records. The court informed the jury that the phone calls were made to an attorney who was representing Alexander, as well as a substantial number of other clients.
 
 
 6
 Alexander appeals the district court's decision to admit the telephone records. The district court had jurisdiction of this action pursuant to 18 U.S.C. Sec. 3231. We have jurisdiction to review Alexander's appeal under 28 U.S.C. Sec. 1291.
 
 II.
 
 7
 Alexander argues the late admission of this evidence denied him effective assistance of counsel because his lawyer had based his entire trial strategy on the assumption the evidence would not be admitted. We cannot agree. Alexander's counsel did not argue to the district court that he needed additional time to prepare in light of the admission of the evidence. Because the defendant waived this argument below, we apply the plain error standard of review. Fed.R.Crim.P. 52(b); Fed.R.Evid. 103(d). The plain-error exception is to be "used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result." United States v. Young, 470 U.S. 1, 15 (1985) (quoting United States v. Frady, 456 U.S. 152, 163 n. 14 (1982)).
 
 
 8
 Alexander's counsel knew that records of other telephone calls made from the cellular phone, including calls to the agent who detained Alexander at the airport, would be introduced at trial in order to identify Alexander as the individual detained at the airport. The records of the calls to Alexander's attorney should not have required much additional preparation. Moreover, counsel's failure to request additional time suggests he believed he was adequately prepared.
 
 
 9
 In addition, Alexander argues that admission of the records violated his attorney-client privilege. This argument is also raised for the first time on appeal. It is well established that the attorney-client privilege "only 'prohibits the disclosure of the substance of communications made in confidence by a client to his attorney for the purpose of obtaining legal advice.' " United States v. Weger, 709 F.2d 1151, 1154 (7th Cir.1983) (quoting United States v. Pipkins, 528 F.2d 559, 562 (5th Cir.1976)). The substance of the phone calls between Alexander and his attorney was not revealed here.
 
 
 10
 Alexander points out, however, that this court has held that a client's motive for seeking legal advice is a confidential communication covered by the attorney-client privilege. In re Grand Jury Proceeding, Cherney, 898 F.2d 565, 568 (7th Cir.1990). He argues that because the phone calls were made immediately after the DEA agents stopped him at the airport, the prosecutor intended the jury to infer he was calling about that stop, impermissibly revealing the motive for the communication. We disagree. Adopting that analysis would extend the current boundaries of the attorney-client privilege, and this court has held the attorney-client privilege is "intended 'to be strictly confined within the narrowest possible limits consistent with the logic of its principle.' " Weger, 709 F.2d at 1154 (quoting In re Horowitz, 482 F.2d 72, 81 (2d Cir.1973), cert. denied, 414 U.S. 867). We are not inclined to extend the attorney-client privilege to mere inferences and conclude the privilege was not violated by the admission of the telephone records.
 
 CONCLUSION
 
 11
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Donald P. Lay, Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation